FJN:ADW
F.# 2021R00452/OCDETF#NY-NYE-0904

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – X

UNITED STATES OF AMERICA

- against -

GERMAN CARABALLO,

Defendant.

– – – – – – – – – – – X

COMPLAINT AND
AFFIDAVIT

(T. 21, U.S.C., § 846))

21-MJ-1087

EASTERN DISTRICT OF NEW YORK, SS:

GARY BAILEY, being duly sworn, deposes and states that he is a Special Agent with the Internal Revenue Service ("IRS"), duly appointed according to law and acting as such.

In or about September 2021, within the Eastern District of New York and elsewhere, the defendant GERMAN CARABALLO, together with others, did knowingly, intentionally and unlawfully conspire to distribute and possess with intent to distribute one or more substances containing 400 grams or more of a substance containing fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841.

(Title 21, United States Code, Section 846)

The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

## INTRODUCTION

1. I am a Special Agent with the IRS, and have been so employed for approximately 11 years. In my capacity as an IRS Special Agent, I am responsible for conducting and assisting in investigations into the activities of individuals and criminal groups responsible for federal narcotics offenses, narcotics trafficking into the United States, and money laundering offenses. I have participated in investigations involving arrest warrants, and the use of surveillance, confidential informants, cooperating defendants and undercover operations. I have also received training to (a) review and analyze taped conversations and records of drug traffickers and money launderers and (b) debrief cooperating drug traffickers and money launderers. Through my training, education and experience, I have also become familiar with (a) the manner in which illegal drugs are imported and distributed; (b) the method of payment for such drugs; and (c) the efforts of persons involved in such activity to avoid detection by law enforcement, such as through the laundering of monetary instruments and the concealment of evidence of crimes.

2. I am familiar with the facts and circumstances set forth below from my participation in the investigation described herein. The facts set forth in this affidavit are based, in part, on information that I have learned from the review of written documents prepared by, and conversations with, members of the IRS and Drug Enforcement Administration ("DEA") and other law enforcement agencies and investigators; surveillance; and my review of documents obtained by subpoena. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

## PROBABLE CAUSE TO ARREST THE DEFENDANT

3.      On or about August 31, 2021, law enforcement agents arrested an individual in Perth Amboy, New Jersey for conspiracy to distribute narcotics ("Individual-1").  Immediately before his/her arrest, Individual-1 had been in possession of a bag that contained approximately two kilograms of fentanyl.

4.      On or about September 3, 2021, law enforcement agents interviewed an individual suspected of conspiring with Individual-1 to distribute narcotics ("Individual-2").  Individual-2 stated that he/she was aware of Individual-1's arrest.  In addition, Individual-2 admitted that he/she had provided Individual-1 with some of the fentanyl that Individual-1 possessed on or about August 31, 2021.

5.      On or about September 11, 2021, Individual-2 informed law enforcement agents that he/she was aware of another individual ("Individual-3") that was engaged in narcotics trafficking.   Specifically, Individual-2 stated that Individual-3 had recently asked Individual-2 to find someone who could purchase kilogram-quantities of fentanyl in the New York area.

6.      On or about September 19, 2021, Individual-2 and Individual-3 spoke and agreed to a narcotics transaction to take place on September 22, 2021.   In sum and substance, Individual-3 agreed to sell up to four kilograms of fentanyl to Individual-2.   During his/her communications with Individual-3, Individual-2 expressly stated that the fentanyl would be transported to Brooklyn, New York after the transaction.   Individual-3 also agreed to meet with an associate of Individual-2 to carry out the drug deal.   The associate of Individual-2 was, in fact, an undercover law enforcement agent (the "UC").

7.      On or about September 20, 2021, Individual-2 and Individual-3 spoke again about the drug transaction planned for September 22.   Individual-3 stated that he/she only

had up to three kilograms of fentanyl to sell.   Individual-3 agreed to sell the fentanyl for $38,000 per kilogram and asked that Individual-2 pay for at least two kilograms, with the possibility of the third kilogram being sold on consignment.   Individual-3 also stated that either Individual-3 or an associate would partake in the September 22 drug transaction.   Finally, the two individuals agreed that the drug deal would take place in Perth Amboy, New Jersey sometime in the afternoon.   Individual-2 later provided Individual-3 with a phone number for Individual-2's "associate"—i.e., the UC.   On or about September 21, 2021, the UC – while he was located within the Eastern District of New York – communicated with Individual-3 by phone to discuss the September 22 drug transaction.

8. On or about September 22, 2021, Individual-3 and the UC communicated by text message and phone call, agreeing that the drug deal would take place at approximately 2:00 p.m. at a highway rest area near Perth Amboy, New Jersey.   At about 1:30 p.m., Individual-3 sent a photo to the UC of a grey van being driven by Individual-3's associate, who was later identified as the defendant GERMAN CARABALLO.   At approximately 2:00 p.m., law enforcement observed a grey van matching the description of the photo sent by Individual-3 circling the immediate vicinity of the meeting area.   After the driver of the grey van (i.e. the defendant) approached the UC's vehicle, agents approached the grey van and arrested the defendant.   Agents also searched the interior of the grey van and recovered a plastic bag containing a sweatshirt from the floor between the driver seat and the front passenger seat.   Inside the sweatshirt was a plastic bag containing two packages of a powdery substance, weighing approximately two kilograms.   The substance later tested positive for the presence of fentanyl.

WHEREFORE, your deponent respectfully requests that the defendant GERMAN CARABALLO be dealt with according to law.

Dated: Brooklyn, New York
       September 23, 2021

GARY BAILEY
Special Agent
Internal Revenue Service

Sworn to before me by telephone this
____ day of September, 2021

THE HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

6